**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK A. MCGARRY, | DOCKET NUMBER |
| Appellant, | DE-1221-15-0415-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 9, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Michael L. Gurnee, Esquire, Denver, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal based on the doctrine of res judicata.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The agency removed the appellant from his position as Chief of Veterans Affairs Police Services in Grand Junction, Colorado, effective July 8, 2013.  He filed a timely Board appeal challenging that removal on July 26, 2013.  *McGarry v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-13-0762-I-1.  That appeal was dismissed without prejudice at the appellant's request and redocketed on September 16, 2014.  *McGarry v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-13-0762-I-2.  The administrative judge dismissed that appeal, stating as follows:

> [T]he appellant's counsel indicated that the appellant had authorized him to withdraw this appeal as the appellant no longer wished to pursue it. . . . I then accepted the withdrawal as knowingly and freely made after satisfying myself that the appellant and his counsel understood that the withdrawal would result in my dismissing the appeal with prejudice to refiling.

## DECISION

The appeal is DISMISSED.

*McGarry v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-13-0762-I-2, Initial Decision at 2 (Nov. 3, 2014). This initial decision became the Board's final decision, as neither party filed a petition for review.

¶3    In the instant IRA appeal, filed in May 2015, the appellant asserted that his July 2013 removal constituted retaliation for whistleblowing disclosures he allegedly made in 2011. Initial Appeal File (IAF), Tab 1. The agency filed a motion to dismiss the appeal arguing, among other things, that the appeal should be barred under the doctrine of res judicata. IAF, Tab 16. The administrative judge allowed the appellant an opportunity to respond to the motion to dismiss, IAF, Tab 17, and the appellant did so, IAF, Tab 20.

¶4    In an initial decision, the administrative judge found that the IRA appeal was barred under the doctrine of res judicata, concluding that all three of the elements were satisfied for the application of that doctrine: (1) the prior judgment was rendered by a forum with competent jurisdiction (the MSPB); (2) the prior decision was a final decision on the merits; and (3) the same cause of action (the appellant's removal) and the same parties were involved in both cases. IAF, Tab 21, Initial Decision (ID) at 4; *see Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). The administrative judge noted that res judicata bars not only claims that a party raised, but also claims that the party could have raised in the earlier action. ID at 4; *Peartree*, 66 M.S.P.R. at 337. Here, the appellant could have raised, but did not, the affirmative defense of whistleblower retaliation in the adverse action appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant asserts in his petition for review that the administrative judge "did not formally designate that [the adverse action appeal] was dismissed 'with prejudice' and Appellant did not understand that the proceeding was so dismissed thereby precluding this appeal. The earlier order simply pronounces the Appeal was 'dismissed.'" Petition for Review File, Tab 1 at 4. This argument is

disingenuous. Although the administrative judge did not repeat the phrase "with prejudice" in the final sentence of his initial decision, he expressly stated that he accepted the withdrawal only after assuring himself "that the appellant and his counsel understood that the withdrawal would result in my dismissing the appeal with prejudice to refiling." The Board has found that a voluntary dismissal with prejudice does constitute a decision on the merits, barring relitigation under the doctrine of res judicata. *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006); *Cavanagh v. U.S. Postal Service*, 44 M.S.P.R. 485, 489 (1990). Accordingly, we conclude that the administrative judge properly determined that this appeal was barred by the application of the doctrine of res judicata.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the

Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 　　　　　　　 _____
　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.